UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRENCE T. POWELL,

                Petitioner,

  v.

MARTHA KARR,

                Respondent.

No. C10-5297 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  May 21, 2010**

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner filed this action under 28 U.S.C. § 2254 challenging his 2002 conviction for First Degree Murder. Dkt. 1-2.  The court's records reflect that this petition is successive.  Accordingly, the undersigned recommends that this file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

*DISCUSSION*

Ninth Circuit Rule 22-3 (a) states:

> (a) Application.  Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An original and five copies of the application Must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

(Emphasis added).

REPORT AND RECOMMENDATION - 1

Petitioner has previously a federal petition for habeas corpus relating to his 2002 conviction in Pierce County Superior Court Case No. 97-1-02259-4.  *See* USDC No. C07-5046RBL.  That petition was denied on the merits and dismissed by the District Court on April 25, 2008.  *See* Dkt. 32 (Order) and Dkt. 33 (Judgment) therein.

The petition before this Court is a "second or successive" petition and should be transferred to the Ninth Circuit Court of Appeals consistent with the dictates of Rule 22-3 (a).

*CONCLUSION*

Accordingly, the Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 21, 2010**, as noted in the caption.

DATED this  29th  day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2